11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David Wayne Bryan

Appellant

Vs.                   No.  11-00-00379-CR C Appeal from Erath County

State of Texas

Appellee

 

The jury
convicted appellant of possession with intent to manufacture a controlled
substance, methamphetamine, in an amount more than 4 grams and less than 200
grams and, assessed punishment at 25 years confinement.  We affirm.

There is
no challenge to the sufficiency of the evidence.  Scotty Chew, a former agent for the Stop the Offender Program
Narcotics Task Force (S.T.O.P.), testified that on February 8, 2000, he was
conducting surveillance on a residence after receiving information that
appellant had been selling methamphetamine. 
Agent Chew testified that, while conducting surveillance, he observed a
vehicle approach the residence that matched the description he had been given
for appellant=s vehicle. 
The vehicle left, and Agent Chew intercepted the vehicle and arrested
appellant for outstanding warrants. Agent Chew obtained a search warrant,
executed the search warrant, and seized the methamphetamine.

In his
first point of error, appellant argues that the trial court erred in denying
his motion to quash the indictment.  The
indictment alleged that appellant did Aintentionally or knowingly possess with intent to manufacture a
controlled substance, to-wit: Methamphetamine, in the amount by aggregate
weight, of four grams or more but less than 200 grams.@ 
Appellant contends that the indictment does not assert a crime because
it is grammatically incorrect.  
Appellant asserts that Athe verb >possess= has no object@ and, therefore, that indictment does not charge him with the
commission of an offense. 








A written
instrument is an indictment or information under the Texas Constitution if it
accuses someone of a crime with enough clarity and specificity to identify the
statute under which the State intends to prosecute, even if the instrument is
otherwise defective.   Duron v. State,
956 S.W.2d 547 (Tex.Cr.App.1997).  The
indictment in the present case tracks the language of TEX. HEALTH & SAFETY
CODE ANN. ' 481.112(a) (Vernon Supp. 2001).  The indictment contains all of the elements
of the offense and, therefore, sufficiently charges appellant with an
offense.  Duron v. State, supra.  Additionally, an indictment tracking the
language of the statute normally provides sufficient notice to allow the
accused to prepare a defense.   Curry v.
State, 30 S.W.3d 394 (Tex.Cr.App.2000). 
See Blackmon v. State, 786 S.W.2d 467, 469 (Tex.App. - Houston [1st
Dist.] 1990, no pet=n).  The trial court did not err in denying
appellant=s motion to quash the indictment. 

Appellant
also argues that Section 481.112 (a) is vague and unconstitutional.  A penal statute may be void for vagueness
when it either forbids or requires the doing of an act in terms so vague that
men of common intelligence must guess as to its meaning and differ as to its
application. Engelking v. State, 750 S.W.2d 213 (Tex.Cr.App.1988).  A statute must give a person of ordinary
intelligence fair notice that his contemplated conduct is forbidden, and the
statute may not encourage arbitrary and erratic arrests and convictions.   Engelking v. State, supra.  We do not find the statute to be
unconstitutionally vague. See Engelking v. State, supra; Beck v. State, 741
S.W.2d 516 (Tex.App. - Corpus Christi 1987, pet=n ref=d). 
Appellant=s first point of error is overruled.

In his
second point of error, appellant complains that the trial court erred in
denying his second motion for new trial. 
In his second motion for new trial, appellant argued that the definition
of Acontrolled substance@ is overly broad and unconstitutional because
it included innocent behavior. TEX. HEALTH & SAFETY CODE ANN. ' 481.002(5) (Vernon Supp. 2001) defines
controlled substance as Aa substance, including a drug, an adulterant, a dilutant, and an
immediate precursor, listed in Schedules I through V or Penalty Groups 1, 1-A,
or 2 through 4.@  
Appellant argues on appeal that, if the phrase Alisted in@ modifies Asubstance,@ then the statute criminalizes innocent
behavior and that, if Alisted
in@ modifies Aa drug, an adulterant, a dilutant, and an immediate precursor,@ then the State is required to prove that
adulterants or dilutants are listed in Schedules I through V or Penalty Groups
1, 1-A, or 2 through 4. 








We must
interpret a statute in accordance with the plain meaning of its language,
unless the language is ambiguous or the plain meaning leads to absurd results
that the legislature could not possibly have intended.  McCain v. State, 22 S.W.3d 497 (Tex.Cr.App.2000);
Boykin v. State, 818 S.W.2d 782, 785 (Tex.Cr.App.1991).  The statute requires that a controlled
substance be listed in Schedules I through V or Penalty Groups 1, 1-A, or 2
through 4.  The term also includes the Aaggregate weight of any mixture, solution, or
other substance containing a controlled substance.@ Section 481.002(5).  We find that the language of the statute is
not so vague that men of ordinary intelligence must guess at its meaning.  Engelking v. State, supra; see Blackmon v.
State, supra.  Appellant=s second point of error is overruled.

In his
third point of error, appellant argues that the trial court erred in denying
his motion to recuse the district attorney. 
Appellant orally presented a motion to the trial court on the day of
trial seeking to have the district attorney recused or disqualified.  Appellant alleged that he had consulted
with  the Assistant District Attorney
John Cashon about possible representation prior to Cashon beginning  employment at the district attorney=s office. 


At the
hearing on the motion, appellant testified that he called Cashon about possible
representation and that Cashon visited with him at the jail about the
case.  Cashon later sent appellant a
letter stating that he would not represent appellant.  Appellant further testified that, on the morning of trial, he
overheard Cashon talking to other staff members of the district attorney=s office talking about appellant=s mother. 

Cashon
testified at the hearing that he was first employed with the district attorney=s office on August 28, 2000.  Cashon stated that, prior to that time, he
consulted with appellant at the jail. 
After he began his employment with the district attorney=s office, Cashon became aware that appellant=s case was pending in that office.  The district attorney instructed Cashon not
to work on the case, not to divulge any information on the case, and not to
participate in the trial of the case. 
Cashon testified that he did not participate in the case and that he had
not had any conversation about the case with other staff members.   The district attorney called other members
of his office, and they all testified that they had not discussed appellant=s case with Cashon.  The district attorney also testified at the hearing that he
instructed Cashon not to have any communication with anyone in the district
attorney=s office about appellant=s case and that, to his knowledge, Cashon had
followed those instructions.








The record
shows that Cashon did not directly participate in the case and that procedures
were implemented to screen him from the case. 
At the hearing, appellant was unable to state any specific conversation
between Cashon and staff members concerning his case.  The trial court did not err in denying appellant=s motion to disqualify the district attorney
from prosecuting his case.  State ex
rel. Hill v. Pirtle,  887 S.W.2d 921
(Tex.Cr.App.1994);  State ex rel. Eidson
v. Edwards, 793 S.W.2d 1 (Tex.Cr.App.1990); Clarke v. State, 928 S.W.2d 709
(Tex.App. - Fort Worth 1996, pet=n ref=d). 
Appellant=s third point of error is overruled.

In his
fourth point of error, appellant complains that the trial court erred in
denying his motion to dismiss.  In his
motion to dismiss, appellant states that he was arrested on February 8, 2000;
that he was first indicted on June 20, 2000; and that a second indictment was
filed on August 24, 2000.   Appellant
contends that, because the second indictment was not filed within 180 days of
his arrest, the trial court should have dismissed the indictment.

TEX. CODE
CRIM. PRO. ANN. art. 32.01 (Vernon Supp. 2001) provides:

When a
defendant has been detained in custody or held to bail for his appearance to
answer any criminal accusation before the district court, the
prosecution...shall be dismissed and the bail discharged,  if indictment or information be not presented
against such defendant on or before the last day of the next term of the court
which is held after his commitment or admission to bail or on or before the
180th day after the date of commitment or admission to bail, whichever date is
later.

 

The Erath County District
Court grand jury has two terms per year. 
The first term begins on the first Monday of January, and the second
term begins on the first Monday of July. 
TEX. GOV=T CODE ANN. ' 24.302 (Vernon 1988). 
Therefore, the second indictment was returned before the last day of the
next term of court after his arrest. 
The trial court did not err in denying his motion to dismiss.  Appellant=s fourth point of error is overruled.

In his
fifth point of error, appellant contends that the trial court erred in
admitting a videotaped confession.  The
record reveals that, on the night of his arrest, appellant was interviewed by
Jeffrey Lee Monk with the S.T.O.P. Narcotics Task Force.  Officer Monk testified that, prior to
beginning the interview, he advised appellant of his constitutional
rights.  Officer Monk stated that
appellant voluntarily waived his rights and consented to the interview.  Officer Monk did not advise appellant that
the interview was being recorded.  The
videotape also depicts Officer Monk advising appellant of his rights.








Appellant
specifically argues that the trial court should not have admitted the videotape
because he was unaware that he was being recorded.  However, TEX. CODE CRIM. PRO. ANN. art. 38.22, ' 3(a) (Vernon Pamph. Supp. 2001), which
governs the admissibility of oral confessions, 
does not require that the accused be informed that the statement is
being recorded.  Moore v. State, 882
S.W.2d 844 (Tex.Cr.App.1994).  Appellant=s fifth point of error is overruled.

The
judgment of the trial court is affirmed.

 

JIM.
R. WRIGHT

JUSTICE

 

October 4, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.